UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EAST COAST BROKERS AND PACKERS, INC.

    Plaintiff,

v.                                                                 CASE NO: 8:07-cv-171-T-26TBM

SEMINIS VEGETABLE SEEDS, INC.,

    Defendant.
                                        /

## **O R D E R**

Before the Court is Defendant's Motion for Sanctions (Dkt. 50), and Plaintiff's Memorandum and Response. (Dkt. 80.) After careful consideration of the motion, the response, and all the submissions in the record, the Court concludes that sanctions should not be imposed.

Defendant claims that Plaintiff altered computer data that reflects the amount of tomatoes picked from the fields as well as the amount of the tomatoes packed to be sold. As part of that allegation, Defendant also claims that Plaintiff concealed the pick tickets until after the close of discovery. Plaintiff asserts that neither did it alter the pack data, which is computer-stored based on information taken from the pick tickets, nor did it conceal the pick tickets associated with the seed lot at issue. Plaintiff explains that Mr. Meade, who was hired in the fall of 2005,[1] did not discover that information was missing

---

[1] Plaintiff contends that Mr. Meade was hired for the very reason that the Kirkey personnel did not have the time to learn the tomato business and the software system at Plaintiff.

from the pack data, which needed to be added from the pick tickets from Virginia, until 2007. Plaintiff explains the late computer additions to the pack data from the pick tickets through the following chain of events.

The parties agree that although the pack data was entered into the computer in 2005, additional information from the pick tickets,[2] or pick data, was not entered into the computer until 2007, after the filing of this lawsuit. The pack data is generated after the tomatoes have been transported by truck to the packing house, and shows the volume of boxes of tomatoes sold. The pack data is recorded after the culling process of the tomatoes, which rids the boxes of bruised or damaged tomatoes from sale. The system permits the identification of the tomatoes sold to the fields on which they were grown. The data is entered, relying on information from the pick tickets, into a computer system known as Kirkey.

Mr. Meade testified for Plaintiff that the additions had been made at the end of 2007 and beginning of 2008 in order to accurately reflect the harvest tickets. Mr. Glenn, a former Kirkey employee and data processor, works as a consultant for Plaintiff, and he testified that no changes were made, only additions of information from the pick tickets were added in 2007 and 2008. Ms. House confirmed that Mr. Meade and Mr. Glenn had accessed a "change mode" on the Kirkey system which shows the date of last update as October 2007 continuing through 2008, concerning the 2005 yield data.

---

[2] The pick tickets contain information recorded by the crew leader regarding the variety of tomato picked, the fields from which they were picked, the date they were picked, and the volume of tomatoes picked.

Mr. Glenn entered information from the pick tickets into the Kirkey system from the 2005 harvest of mature green tomatoes, which are the tomatoes at issue, in 2007. The pick tickets, which are the only paper documents, are stored by Plaintiff, and in this case, the missing pick tickets were found by the scale operator. Plaintiff notes that the pick tickets had been made available to Defendant at a previous deposition; however, Defendant did not review them at that time. Plaintiff does not provide a reason why they were missing during the deposition of Mr. Glenn. In any event, they were later found and have not been destroyed. To the extent that additions were made to the pack data in 2007, the information obtained from the pick tickets never changed, according to Plaintiff. Because the original pick tickets are still in existence, data was added as opposed to changed, and Defendant has the right of cross-examination at trial, the Court finds that spoliation of the pack data has not occurred.

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion for Sanctions (Dkt. 50) is **DENIED.**

**DONE AND ORDERED** at Tampa, Florida, on February 9, 2009.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record